```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                             10 CR 280 (JFK)

FRANCISCO ANTONIO
HIRALDO-GUERRERO,

                Defendant.

------------------------------x
                                          New York, N.Y.
                                          July 29, 2014
                                          12:08 p.m.


Before:

                    HON. JOHN F. KEENAN,

                                          District Judge


                         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
CHRISTIAN EVERDELL
ANDREA SURRATT
     Assistant United States Attorneys

JEFFREY COHN
     Attorney for Defendant

ALSO PRESENT:
     NICHOLAS LUTTINGER, Interpreter
     HUMBERTO GARCIA, Interpreter
```

1               (In open court)
2               THE COURT:  All right.  Good morning again, Counsel.
3    So everybody may be seated for a moment.
4               This is in the matter of the *United States of America*
5    *v. Francisco Antonio Hiraldo-Guerrero*.  The defendant is
6    present.  He's here with his lawyer, Mr. Cohn.  The government
7    is here.  We have Mr. Everdell, and Ms. Surratt is here for the
8    government also with Mr. Everdell.
9               I believe the defendant has to be arraigned on the
10   superseding information, am I correct?
11              THE DEPUTY CLERK:  Yes, Judge.
12              THE COURT:  All right.  Would you please rise.
13              THE DEPUTY CLERK:  Mr. Francisco Antonio
14   Hiraldo-Guerrero, is this your signature on the waiver of
15   indictment?
16              THE DEFENDANT:  Yes, sir.
17              THE DEPUTY CLERK:  Before you signed it, did you
18   discuss it with your attorney?
19              THE DEFENDANT:  Yes, sir.
20              THE DEPUTY CLERK:  Do you understand that by signing
21   the waiver of indictment, you have given up your right to have
22   the case presented to a grand jury?
23              THE DEFENDANT:  Yes, sir.
24              THE DEPUTY CLERK:  Have you seen a copy of the
25   superseding information in this case, the seventh superseding

```
E7tbhirp                       Plea
```

1  information?

2　　　　THE DEFENDANT:  Yes, sir.

3　　　　THE DEPUTY CLERK:  Did you discuss it with your

4  attorney?

5　　　　THE DEFENDANT:  Yes, sir.

6　　　　THE DEPUTY CLERK:  Do you waive the reading of the

7  information?

8　　　　THE DEFENDANT:  Yes, sir.

9　　　　THE DEPUTY CLERK:  How do you plead?

10　　　　THE DEFENDANT:  Guilty.

11　　　　THE DEPUTY CLERK:  Please raise your right hand.

12　　　　(Defendant sworn)

13　　　　THE DEFENDANT:  It will be only the truth.

14　　　　THE COURT:  All right.  You can be seated while we

15  take the plea, sir.  If you'd like, you may sit.  That way you

16  may speak into the microphone and the interpreter, the official

17  translator, will be able to hear you.

18　　　　If there's anything I ask you that you don't

19  understand, be sure to tell me that.  You can then confer with

20  Mr. Cohn and he'll explain it to you.  If you still don't

21  understand, you can ask me.  The reason I tell you that is

22  because it's very important that you tell me the truth.  You

23  have enough problems here with the charges in the information.

24  And if you should tell a lie, if you made a false statement

25  intentionally in other words, under oath, you could be

1   prosecuted additionally for perjury and/or making a false
2   statement.  It's very important that you tell me the truth.
3           You will tell me the truth, correct?
4           THE DEFENDANT:  I feel that I'm informed on it, your
5   Honor.
6           THE COURT:  All right.  And your full name, sir.
7           THE DEFENDANT:  Francisco Antonio Hiraldo-Guerrero,
8   your Honor.
9           THE COURT:  How old are you, sir?
10          THE DEFENDANT:  Fifty-four years old, your Honor.
11          THE COURT:  And as I understand it, you're waiving the
12  reading of the information, is that correct?
13          THE DEFENDANT:  Yes, your Honor.
14          THE COURT:  We're using the official interpreter
15  because, as I understand it, you don't speak English.  And
16  we're going to have the proceedings translated for you into
17  Spanish from the English, and then they're going to translate
18  back from your Spanish for me into the English.
19          Do you understand that?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  Okay.  What is your educational
22  background?
23          THE DEFENDANT:  I'm a college graduate and I'm a
24  professional, your Honor.
25          THE COURT:  As I understand it, when you were

1  arrested, you were living in the Dominican Republic, is that
2  correct?
3            THE DEFENDANT:  Yes, your Honor.
4            THE COURT:  Are you married or single?
5            THE DEFENDANT:  I'm married, your Honor.
6            THE COURT:  And as I understand it, in the past you
7  worked in the Dominican Republic for the government, is that
8  right?
9            THE DEFENDANT:  Yes, your Honor.
10           THE COURT:  Are you currently or have you ever been
11 under the care of a doctor or a psychiatrist for mental or
12 emotional problems?
13           THE DEFENDANT:  No, sir.
14           THE COURT:  Have you ever been hospitalized or treated
15 for alcoholism, narcotics addiction or any other kind of drug
16 abuse?
17           THE DEFENDANT:  No, sir.
18           THE COURT:  Other than maybe being a little nervous
19 because this is very serious, are you feeling all right today?
20           THE DEFENDANT:  Yes, your Honor.  I am completely
21 fine.  Thank you.
22           THE COURT:  Are you under the influence of anything
23 such as alcohol or drugs that would affect your ability to
24 understand what you're doing today?
25           THE DEFENDANT:  No, sir.

1          THE COURT:  Did you receive a copy of the information
2    and did you go over the information with Mr. Cohn?
3          THE DEFENDANT:  Yes, sir.
4          THE COURT:  Did he explain to you the charges in the
5    information and do you feel you fully understand them?
6          THE DEFENDANT:  Yes, your Honor.  I understand them
7    completely.
8          THE COURT:  Did you tell Mr. Cohn everything you know
9    about the case?
10         THE DEFENDANT:  Absolutely everything that I know
11   about the case, your Honor.
12         THE COURT:  Did you hold anything back from him?
13         THE DEFENDANT:  No, sir.
14         THE COURT:  Now, you have the right to plead not
15   guilty to the information, to persist in that plea and to go to
16   trial.
17         Do you understand that?
18         THE DEFENDANT:  Yes, sir, I understand.
19         THE COURT:  And if you were to plead not guilty, you
20   would have the right to a speedy and a public trial in front of
21   a jury of 12 people.
22         Do you understand that?
23         THE DEFENDANT:  Yes, sir.
24         THE COURT:  And do you understand that if Mr. Cohn
25   could not continue to represent you and if you couldn't afford

another lawyer, I would appoint one to represent you free of charge, or if for some reason Mr. Cohn couldn't represent you or continue to represent you and you had the money for another lawyer, you could get another lawyer?  The point being that you're entitled to a lawyer at trial and at every other stage of the proceeding.

>    Do you understand that?

>    THE DEFENDANT:  I understand, sir.

>    THE COURT:  Now, if I accept your plea of guilty, there will be no further trial of any kind.

>    Do you understand that?

>    THE DEFENDANT:  Yes, sir.

>    THE COURT:  And if you were to plead not guilty and if you went to trial, at a trial you would be presumed to be innocent unless and until the government proved that you were guilty beyond a reasonable doubt to the satisfaction of all 12 jurors.

>    Do you understand that?

>    THE DEFENDANT:  I understand, sir.

>    THE COURT:  At a trial you would have the right to confront and to cross-examine any and all witnesses the government called against you.

>    Do you understand that?

>    THE DEFENDANT:  Yes, sir.

>    THE COURT:  At a trial you would have the right to

1  remain silent and no inference could be drawn against you
2  because of your silence.  On the other hand, if you wanted to,
3  you could take the witness stand and testify in your own
4  defense.
5           Do you understand that?
6           THE DEFENDANT:  Yes, sir.
7           THE COURT:  If you wanted it and if your lawyer
8  requested it for you and if the government agreed and if I
9  agreed, you could be tried before me without a jury.  They call
10 that a nonjury trial or a bench trial.  If you had such a
11 trial, the burden would still be on the government to prove
12 that you were guilty beyond a reasonable doubt and you would
13 have all these constitutional rights that I've set forth fully.
14          Do you understand that?
15          THE DEFENDANT:  I understand, sir.
16          THE COURT:  At a trial you would have the right to
17 subpoena witnesses and evidence in your own defense.
18          Do you understand that?
19          THE DEFENDANT:  Yes, sir.
20          THE COURT:  Now, if I accept your offer to plead
21 guilty here this morning-- now it's not the morning anymore.
22 This afternoon.  If I accept your plea, you're giving up all
23 these rights with respect to the charges against you in the
24 three counts of the information.  There'll be no further trial
25 of any kind and I could sentence you just as if the jury had

1    brought in a verdict of guilty against you.

2              Do you understand that?

3              THE DEFENDANT:  I understand, sir.

4              THE COURT:  All right.  Now, you signed an agreement
5    this morning.  We call that a plea agreement.  And you signed
6    the agreement today in the presence of your lawyer.

7              Did you sign the agreement of your own free will?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  And the agreement is contained in a
10   six-page letter which was originally dated June 19th, 2014.

11             And was the agreement explained to you by Mr. Cohn
12   before you signed it and do you think you understand the
13   agreement?

14             THE DEFENDANT:  Yes, your Honor, I understand it.

15             THE COURT:  The agreement is fine with me as to its
16   form.  You should note it's not binding on me.  There are two
17   parties to the agreement:  You on the one side, and the
18   government on the other.  I'm not a party and it doesn't bind
19   me.

20             Do you understand that?

21             THE DEFENDANT:  I understand, sir.

22             THE COURT:  Now I'm going to go over some of the
23   highlights of the agreement, and the reason I'm going to do
24   that is just to make sure that you're aware of these particular
25   things.

1              Count One of the information carries a mandatory
2    minimum sentence of ten years in prison with a maximum penalty
3    of life.
4              Do you understand that?
5              THE DEFENDANT:  Yes, sir.
6              THE COURT:  Count Two carries the same mandatory
7    minimum of ten years and a maximum penalty of life.
8              Do you understand that?
9              THE DEFENDANT:  Yes, sir.
10             THE COURT:  And Count Three carries a mandatory
11   minimum sentence of ten years' imprisonment and a maximum
12   period of life in prison.
13             Do you understand that?
14             THE DEFENDANT:  Yes, sir.
15             THE COURT:  And each count contains the possibility of
16   an enormous fine.  On each count the fine could be $4 million.
17   So that means you face a possible fine of $12 million if you
18   could afford it.  If you can't afford it -- I can tell you I'm
19   not going to fine you, but if you can afford you, I could fine
20   you all the way up to $12 million.
21             Do you understand that?
22             THE DEFENDANT:  I understand, sir.
23             THE COURT:  Now, also, on each count there is what is
24   called a special assessment of $100, so you face-- and that's
25   mandatory.  In other words, I have to impose that.  So the

E7tbhirp                          Plea

1    sentence would include, and will include, three $100 special
2    assessments for a total special assessment of $300.
3             Do you understand that?
4             THE DEFENDANT:  Yes, sir.
5             THE COURT:  And when you get out of prison, you face a
6    period of supervised release.  Supervised release means that
7    you have to abide by the terms and conditions set by the
8    probation department and set by me when I sentence you as to
9    how you must behave while free after being sentenced.  And the
10   period of supervised release for each count in this case is the
11   mandatory minimum of five years on Count One, of ten years on
12   Count Two, and of ten years on Count Three.  And on each count
13   the mandatory-- not mandatory.  On each count the maximum could
14   be all the way up to life.
15            MR. EVERDELL:  Your Honor, I think the mandatory
16   minimum on all three counts for supervised release is five
17   years.
18            THE COURT:  Not according to the agreement.  Look at
19   the paragraph that starts Count One on page 1, the second
20   paragraph.  He's agreed to a five-year period there.  That's
21   what it reads.
22            MR. EVERDELL:  Yes, a mandatory minimum five-year term
23   of supervised release.
24            THE COURT:  Yes.
25            MR. EVERDELL:  I thought I heard the Court say a

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1     mandatory minimum of ten years.

2              THE COURT:  I did as to Two and Three, but as to One
3     it's five years.

4              MR. EVERDELL:  Your Honor, I'm sorry, as I read the
5     agreement, even under Counts Two and Three, I see the mandatory
6     minimum of ten years' imprisonment and a mandatory minimum of
7     five years' supervised release.

8              THE COURT:  You know what?  You're right on all
9     except-- no, you're right, I'm wrong.  I'm sorry.  I apologize.
10    You're 100 percent right; I'm 100 percent wrong.  Well, I was
11    66 and two-thirds percent wrong, because the mandatory period
12    of supervised release -- the point is it's five years on each
13    count is the minimum.  Okay.  I apologize for that.

14             Now, when I sentence you, I have to consider the
15    sentencing guidelines.  In the United States, we have
16    guidelines for the various sentences and I have to consider
17    them when I sentence you.

18             Also, as I understand it, you're admitting the
19    forfeiture allegations in Counts One, Two and Three of the
20    information.  You're agreeing to forfeit a sum of money up to a
21    million dollars in United States currency.

22             Do you understand that?

23             MR. COHN:  Your Honor, that number was calculated by
24    the government.  It may, in fact, be right.  I have discussed
25    with the government there may also be a revision downward, but

1  I understand your Honor's question for the purpose of the
2  agreement.
3              THE COURT:  Well, the agreement reads-- this time I
4  think I am right-- in Count Four, on page 2, "The defendant
5  furthermore admits to forfeiture allegations with respect to
6  Counts One, Two and Three of the agreement and agrees to
7  forfeit to the United States pursuant to Title 21, United
8  States Code, Section 853 a sum of money up to a million dollars
9  in United States currency."
10             MR. EVERDELL:  That's correct, your Honor.  Defense
11 counsel and I may have some additional conversations about the
12 amount of forfeiture.  If it's revised downward, then at
13 sentencing there will be a final order of forfeiture that
14 reflects the revised amount.  But for the purposes of the
15 agreement, it's a million dollars.
16             THE COURT:  That's all right with me.  I just want to
17 make sure he understood that he agreed to a million and that
18 you would seek to enforce it.
19             And you understand that, is that correct, sir?
20             THE DEFENDANT:  Yes, your Honor, I understand it.
21             THE COURT:  And, also, you've agreed to make
22 restitution if I affix restitution.
23             Do you understand that?
24             THE DEFENDANT:  Yes, sir.
25             THE COURT:  Now, you recognize that you're not a

Case 1:10-cr-00280-JFK   Document 37   Filed 08/05/14   Page 14 of 20        14
E7tbhirp                          Plea

1    citizen of the United States, is that correct?
2              THE DEFENDANT:  Yes, your Honor, I am not.
3              THE COURT:  And did you discuss with your lawyer the
4    fact that the conviction here makes it likely that you'll be
5    deported?  As a matter of fact, a deportation is presumptively
6    mandatory.  Do you understand that?
7              THE DEFENDANT:  I understand, sir.
8              THE COURT:  And do you understand that you're not
9    going to challenge your conviction or any sentence because of
10   the fact that you may be deported or are likely to be deported?
11             THE DEFENDANT:  I don't understand, your Honor.
12             THE COURT:  You do understand?
13             THE DEFENDANT:  Yes, I do understand.
14             THE COURT:  Okay.
15             THE INTERPRETER:  The interpreter would like to
16   clarify that initially the defendant said that he did not
17   understand.
18             THE COURT:  Well, let me start again.
19             You agree, you know you're going to be deported,
20   right?
21             THE DEFENDANT:  Yes, sir.
22             THE COURT:  So all I'm asking you is, isn't it true
23   that you've agreed not to appeal because you are deported?
24             THE DEFENDANT:  No, sir.
25             THE COURT:  Well, you have agreed to that, is that

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    correct?

2           THE DEFENDANT:  Yes, your Honor, I accept.

3           THE COURT:  Okay.  I think we cleared that up.

4           And, finally, regarding the agreement, you've agreed,
5    as I understand it, that you're not going to attack the
6    condition either on appeal or by way of habeas corpus because
7    the defendant has failed to produce discovery material or
8    exculpatory material.

9           Do you understand that?

10          THE DEFENDANT:  I do understand, sir.

11          THE COURT:  Okay.  And are you satisfied with the
12   legal representation supplied so far by Mr. Cohn?

13          THE DEFENDANT:  Yes, sir, I am satisfied.

14          THE COURT:  And do you know that the government,
15   lawyers for the government, Ms. Surratt and Mr. Everdell, and
16   maybe others or maybe just one of them, but they no doubt have
17   been talking to Mr. Cohn about you and your case and sometimes
18   you weren't there?  Do you understand that?

19          THE DEFENDANT:  I understand, sir.

20          THE COURT:  And have you been induced to offer to
21   plead guilty by reason of any promises, statements by anybody
22   to the effect that you would get leniency or special treatment
23   or consideration by pleading guilty instead of going to trial?

24          THE DEFENDANT:  I have not been promised that, sir.

25          THE COURT:  Have you been induced to offer to plead

1   guilty by any fear or pressure or threat or force or anything
2   like that?
3             THE DEFENDANT:  No, sir.
4             THE COURT:  Is there anything you want to ask me at
5   this time about the charges in the indictment or in the
6   information, I should say?  Is there anything-- let me start
7   again.
8             Is there anything you wish to ask me at this time
9   about the charges in the information or the consequences of
10  pleading guilty?  Is there anything you want to ask me about
11  the possible sentence, the charges?
12            THE DEFENDANT:  No, sir.
13            THE COURT:  Are you offering to plead guilty because
14  in truth and in fact you are guilty?
15            THE DEFENDANT:  Yes, sir, I am.
16            THE COURT:  Does the government represent it has
17  sufficient evidence to establish a prime facia case?
18            MR. EVERDELL:  We do, your Honor.
19            THE COURT:  And, Mr. Cohn, do you have any valid legal
20  defense that would likely prevail if you went to trial or do
21  you know of any reason why the defendant should not plead
22  guilty?
23            MR. COHN:  No, your Honor.
24            THE COURT:  Okay.  What is it that you did wrong?
25  Tell me what you did wrong.

E7tbhirp                         Plea

1           THE DEFENDANT:  Well, your Honor, I agreed to provide
2    information to two groups of drug dealers that were functioning
3    in the Dominican Republic, your Honor.  And the purpose was to
4    aid them in importing at least 5 kilograms of cocaine.  And I
5    think I believe they were able to accomplish their purpose and
6    they were able to introduce into the United States large
7    amounts of --
8           THE COURT:  When you say "introduce," do you mean
9    transport it into the United States?
10          THE DEFENDANT:  They introduced that into the United
11   States, your Honor.
12          THE COURT:  And you knew that was their purpose.  Is
13   that correct?
14          THE DEFENDANT:  I was part of the conspiracy, your
15   Honor.
16          THE COURT:  All right.  Anything else you want to tell
17   me about what you did?
18          THE DEFENDANT:  Well, when I was brought to the United
19   States, I was brought before a judge.  I was arraigned.
20          THE COURT:  Was that here in Manhattan?
21          THE DEFENDANT:  Yes, it was here in New York.  In
22   Manhattan specifically, your Honor.
23          THE COURT:  All right.  Addressing the government,
24   either Ms. Surratt or Mr. Everdell, would you inquire or
25   explain to him and me venue.

1            MR. EVERDELL:  Yes, your Honor.  The defendant in his
2    allocution mentioned two separate groups of traffickers.
3    Counts One and Two refer to the first group.  Count Three
4    refers to the second group.  With respect to Counts One and
5    Two, which is the conspiracy lasting from in or about 1999 to
6    2010 --
7            THE COURT:  Were those the years, 1999 to 2010?
8            THE DEFENDANT:  That's correct, sir.
9            THE COURT:  Go ahead.
10           MR. EVERDELL:  Those are the years for Counts One and
11   Two.  With respect to those counts, the government proffers
12   that some of the drugs involved in that conspiracy were, in
13   fact, sold in New York City and the proceeds were then returned
14   to the Dominican Republic.  That was part of the conspiracy
15   charged in those two counts.  That provides both jurisdiction
16   and venue over the conspiracy in those counts.
17           THE COURT:  All right.
18           MR. EVERDELL:  With respect to Count Three, which the
19   years are 2007 to 2009, in or about --
20           THE COURT:  Are those years correct?
21           THE DEFENDANT:  Yes, sir.
22           MR. EVERDELL:  As the defendant allocuted, he knew or
23   intended that those drugs would be going to the United States,
24   and venue is provided by the fact that he was first brought to
25   the Southern District of New York after extradition.

1            THE COURT:  He's indicated that he was brought here.
2            MR. EVERDELL:  Yes, your Honor.
3            THE COURT:  Thank you very much.
4            Is the plea adequate for your purposes, Mr. Everdell?
5            MR. EVERDELL:  It is, your Honor.
6            THE COURT:  All right.  Mr. Cohn, does the plea
7    adequately cover the crimes charged in Counts One, Two and
8    Three?
9            MR. COHN:  Yes, your Honor.
10           THE COURT:  All right.  I agree with counsel.  I
11   accept the plea.  I direct that the plea be entered upon the
12   minutes of the Court.
13           We'll set sentence down for --
14           THE DEFENDANT:  Yes, sir.
15           THE COURT:  Let's set sentence down for November 3rd,
16   2014.  The probation department is to prepare a presentence
17   report.
18           Thank you very much.
19           MR. EVERDELL:  Thank you, your Honor.
20           MR. COHN:  Thank you, your Honor.
21           MR. EVERDELL:  I'm sorry, your Honor, do we have a
22   time on November 3rd?
23           THE COURT:  At 11 o'clock.  Thank you.  At 11 o'clock
24   November 3rd.  Thank you.
25           (Defendant not present)

1           THE COURT:  Do you want your client here?
2           MR. COHN:  No, your Honor.  The defense waives
3    Mr. Hiraldo-Guerrero's presence for the purpose of applying to
4    the Court to seal the transcript of today's proceedings.  I
5    understand your Honor's--
6           THE COURT:  What does the government have to say about
7    that application?
8           MR. EVERDELL:  Your Honor, the government takes no
9    position on that.
10          THE COURT:  There's no point in sealing it.  I'm not
11   going to seal it.  Thank you.  The application, in other words,
12   is denied.
13          (Adjourned)